**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-25480-LEIBOWITZ**

**RUDY TERENCIO HERNANDEZ RUBIO**,

*Petitioner,*

*v.*

**WARDEN, KROME NORTH**
**PROCESSING CENTER**,

*Respondent.*
_______________________________/

**ORDER DISMISSING HABEAS PETITION**

**THIS CAUSE** is before the Court on Petitioner Rudy Terencio Hernandez Rubio's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") [ECF No. 1]. Respondent asserts that the Petition must be dismissed because Petitioner failed to exhaust his administrative remedies. [ECF Nos. 5, 6]. Petitioner did not respond to that assertion within the time for doing so. Accordingly, the Petition is summarily **DISMISSED** without prejudice.

Petitioner is currently being detained at the Krome North Processing Center by Respondent for alleged immigration violations. [ECF No. 1 ¶¶ 1–3].

District courts have the authority to summarily dismiss a § 2241 petition if "[i]t plainly appears from [the] petition that [petitioner] is not entitled to § 2241 relief." *Morgan v. Warden*, 589 F. App'x 530, 531 (11th Cir. 2015) (citing *Hittson v. GDCP Warden*, 759 F.3d 1210, 1270 (11th Cir. 2014)); *see also* 28 U.S.C. § 2243 (providing that a § 2241 petition can be dismissed if "[i]t appears from the application that the applicant or person detained is not entitled [to the relief requested.]"). The Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citing Rule 4, Rules Governing § 2254 Cases).

Petitioner is required to exhaust his administrative resources before filing suit. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("The exhaustion requirement is still a requirement; it's just not a jurisdictional one."). To properly exhaust administrative remedies, a petitioner must comply with an agency's deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006). The requirement that the exhaustion of remedies occur "first in an agency setting allows 'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover and correct its own errors.'" *Green v. Sec'y, Dep't of Corr.*, 212 F. App'x 869, 871 (11th Cir. 2006) (quoting *Alexander v. Hawk*, 159 F.3d 1321, 1327 (11th Cir. 1998)). Requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford,* 548 U.S. at 93.

An institution's requirements define what is considered exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). It is not the court's role to consider the adequacy or futility of the administrative remedies afforded to an inmate. *See Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be instead on what remedies are available and whether the inmate pursued these remedies prior to filing suit. *See id.* In the prison context, a prisoner must do more than simply initiate grievances but must also appeal any denial of relief through all levels of review that comprise the agency's administrative grievance process. *Bryant v. Rich*, 530 F.3d 1368, 1378 (11th Cir. 2008) (quoting *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005)).

Where, as here, a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the court should dismiss the petition. *Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 563 (11th Cir. 2016).

To the extent Petitioner might argue that exhausting his administrative remedies would be futile, the Eleventh Circuit has made clear that there is no futility exception applicable to the

exhaustion requirement in a § 2241 proceeding. *See McGee v. Warden, FDC Miami*, 487 F. App'x 516, 518 (11th Cir. 2012) (rejecting argument that futility exception applicable to exhaustion prior to bringing a § 2254 petition is applicable to exhaustion requirement for a § 2241 petition); *Moore v. Colon*, No. 20-22032-CV, 2020 WL 5868179, at *4 (S.D. Fla. July 27, 2020), *report and recommendation adopted*, No. 20-22032-CIV, 2020 WL 5848687 (S.D. Fla. Sept. 30, 2020).

And even if Petitioner did argue futility, "exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" and "the petitioner 'bears the burden of demonstrating the futility of administrative review.'" *Jaimes v. United States*, 168 F. App'x 356, 359 (11th Cir. 2006) (citing *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). This Court finds that Petitioner has not satisfied his burden of demonstrating extraordinary circumstances to proceed on futility grounds. Accordingly, the Petition is due to be dismissed without prejudice for failure to exhaust administrative remedies.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [**ECF No. 1**] is **DISMISSED** *without prejudice* for failure to exhaust administrative remedies.
2. All pending motions are **DENIED AS MOOT**.
3. ***The Clerk*** is DIRECTED to **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on September 24, 2026.

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record